UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

═══════════════════════════════════

UNITED STATES OF AMERICA,

                                                    DECISION AND ORDER
            v.                                      02-CR-216A

MARK BALINT,

                        Defendant.

═══════════════════════════════════


## BACKGROUND

On October 22, 2002, the defendant, Mark Balint, appeared before

this Court and pleaded guilty to a one-count Information charging him with

violating 18 U.S.C. § 1341.  On August 6, 2003, Balint appeared for sentencing.

Applying the then-mandatory United States Sentencing Guidelines ("U.S.S.G."),

this Court found that Balint's base offense level was six, pursuant to U.S.S.G. §

2F1.1(a).  The Court also found:  (1) that an eight-level upward adjustment was

appropriate because the amount of loss exceeded $200,000; (2) that a two-level

upward adjustment was appropriate because the offense involved more than

minimal planning; (3) that a two-level upward adjustment should be applied

pursuant to U.S.S.G. § 3B.1.3 because the defendant abused a position of trust;

and (4) that a three-level downward adjustment should be applied based upon

1

the defendant's acceptance of responsibility. With an adjusted offense level of 15 and a Criminal History Category of II, the Court found the defendant's adjusted guidelines range to be 21 to 27 months. The Court also found that a three-level upward departure should be applied pursuant to Application Note 11 of U.S.S.G. § 2F1.1, because the amount of loss did not fully capture the harmfulness and seriousness of the defendant's conduct. After applying the upward departure, the Court found that the applicable offense level was 18 and the revised guidelines range was 30 to 37 months' imprisonment. The Court sentenced the defendant to 37 months, to be served consecutively to the sentence imposed on the defendant for an unrelated bank robbery conviction in the District of Nevada. The Court also ordered the defendant to pay restitution in the amount of $270,596.00.

The defendant appealed his sentence to the United States Court of Appeals for the Second Circuit. On June 1, 2005, the Second Circuit issued a summary order wherein the Court upheld this Court's finding that an upward departure pursuant to Application Note 11 of U.S.S.G. § 2F1.1 should be applied. However, the Circuit remanded the matter to this Court for clarification of the basis for the extent of the departure. The Circuit also remanded the matter pursuant to United States v. Booker, 543 U.S. 220 (2005), and United States v. Crosby, 397 F3d 103 (2d Cir. 2005), for consideration of whether the sentence imposed (37 months) would have been "nontrivially more lenient" had the guidelines been merely advisory at the time. Finally, the Circuit directed that the

2

restitution order be reduced by $8,000, to $270,596.00.

Following remand, the Court appointed attorney John Dorn, Esq., to represent Balint. On August 4, 2005, counsel filed a motion for resentencing. On August 18, 2005, the government filed a response in opposition to resentencing. Thereafter, Balint requested and was granted permission to filed a supplemental *pro se* brief in support of his motion for resentencing. Balint filed his *pro se* brief on February 28, 2006. On March 10th the government filed its response and on March 24th Balint filed a reply. The Court deemed the matter submitted without argument.

## DISCUSSION

With regard to the remand for clarification, this Court's decision to upwardly depart three levels was based upon a finding that the loss determined under U.S.S.G. § 2F1.1 did not fully capture the harmfulness and seriousness of the defendant's conduct, or the reasonably foreseeable psychological harm and severe emotional trauma that was incurred by the victims. See U.S.S.G. § 2F1.1, Application Note 11(c) (2000 Guidelines Manual). The Court found that the defendant's criminal conduct caused his victims to suffer far more than mere monetary loss. He persuaded victim Nancy Morgan to withdraw her retirement savings and invest over $100,000 in his fraudulent scheme. As a result of giving Balint all of her retirement savings, Morgan was financially devastated, lacked

3

adequate resources to maintain her home, and was forced to move in with her daughter and son-in-law.  She experienced feelings of guilt, anxiety, and self-condemnation for trusting Balint.  She also experienced depression, nightmares, and had a loss of sleep.  The defendant preyed upon Morgan despite knowing that she had recently been through a turbulent and financially devastating divorce, which only worsened her fragile emotional state.

Balint's conduct also caused financial, psychological, and emotional trauma to other victims.  Victim Joe Martino stated that he suffered "a huge amount of stress in his marriage" as a result of Balint's conduct and that his wife was no longer able to trust him.  Victim Mark Hornblower stated that he suffered a loss of sleep, tension and depression as a direct result of the defendant's criminal conduct.  He also found himself unable to trust others, and stated that these actions have "ruined" his retirement plans and that he remained in debt years after the defendant's conduct.  Victim Ken Dombrowski stated that Balint's conduct left him in "dire financial straits," caused him to suffer migraine headaches.  Dombrowski also stated that he no longer trusts his own judgment and that the stress over the monetary loss contributed to his divorce.

After fully considering the circumstances of the case and the full extent of the harm caused by the defendant's conduct, the Court found that an upward departure of three levels was appropriate and reasonable under the circumstances.  Absent an upward departure, Balint's adjusted guidelines range,

4

at offense level 15 and Criminal History Category II, was 21 to 27 months.  The

Court found that a sentence within that range was inadequate to address the

seriousness of the defendant's conduct.  The defendant stole large sums of

money from trusted life-long friends despite knowing their personal hardships.

Several of his victims gave him large sums of money which he knew had been

intended to provide security in their retirement years.  The defendant's conduct

stripped away not only his victims' financial security, but also left them unable to

trust others or themselves, and caused them to experience depression, anxiety

and feelings of self-guilt.  Given the defendant's life-long friendships with his

victims and his familiarity with their personal circumstances, the psychological

harm and emotional trauma that they experienced was clearly foreseeable.  In

fact, victim Ken Dombrowski stated "no matter how much I would confide in him

that we were broke he would still find a way to talk me into another deal that [he]

would never payback."

        It was these factors, and not the existence of the defendant's bank

robbery conviction, that guided the Court's determination as to the extent of the

departure.  The Court considered and rejected a one or two level upward

departure, finding that the sentencing ranges at offense level 16 (24 to 30

months) and 17 (27 to 33 months) were inadequate to address the nature and

circumstances of the offense and the seriousness of the defendant's conduct.

The Court's reference to the defendant's bank robbery conviction as being on the

5

"same footing" with the instant offense was intended merely to highlight the

seriousness of the offense, under all of the circumstances.  It was not intended to

serve as an explanation for the basis or extent of the departure.  In imposing

sentence, the Court also found it appropriate to sentence the defendant to the

highest end of the revised guidelines range based upon the egregiousness of his

conduct and the fact that he exploited his long term friendships with the victims to

perpetrate his fraud.

With regard to the <u>Crosby</u> remand, the Court has carefully

considered the submissions of the parties (including Balint's *pro se*

submissions),[1] the factors set forth in 18 U.S.C. § 3553(a) and the facts and

circumstances existing at the time of the original sentence, and has determined

that it would not have imposed a materially different sentence, or a lesser

departure, even if the original sentencing had occurred under the post-<u>Booke</u>r

regime.  Accordingly, Balint's motion for resentencing is denied.

## **CONCLUSION**

For the reasons stated, the Court hereby denies Balint's motion for

resentencing.  Pursuant to the Second Circuit's directive, the Court also provides

further clarification as to the basis for the extent of the upward departure, and

---

[1] Most of the arguments raised in Balint's *pro se* submission were raised on appeal and rejected by the Second Circuit.

hereby reduces the restitution order to $262,596.00.  An amended judgment and

commitment order will follow.


      IT IS SO ORDERED.

                        /s/ *Richard J. Arcara*

                        HONORABLE RICHARD J. ARCARA
                        CHIEF JUDGE
                        UNITED STATES DISTRICT COURT

DATED: April   17     , 2006